IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBIN TELLIER,** | : | |
| Petitioner | : | CIVIL NO. 1:16-CV-01496 |
| vs. | : | |
| **RUSSELL PERDUE, WARDEN,** | : | (Judge Rambo) |
| Respondent | : | |

## MEMORANDUM

### Background

On July 21, 2016, Robin Tellier, an inmate at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania ("FCI-Schuylkill"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he named the Warden of FCI-Schuylkill as the Respondent. (Doc. 1.) On July 28, 2016, Tellier submitted the $5.00 filing fee.

Tellier sets forth his allegations on a form § 2241 petition routinely provided to federal inmates. (Id.) Tellier also submitted a typewritten supplemental petition on August 8, 2016. (Doc. 3.) Tellier is challenging the outcome of a prison disciplinary proceeding which occurred on November 21, 2012. Tellier

petition reveals that the Discipline Hearing Officer, after finding Tellier guilty of Incident Report 2371753, imposed the following sanctions: (1) 15 days disciplinary segregation, and (2) 4 months loss of phone and visitation privileges. Tellier did not receive loss of Good Conduct Time credit as a sanction for the disciplinary infraction, i.e., Offense Code 296, use of the mail for abuses other than criminal activity. (Id. at 13-14.)

Tellier appealed to the Regional Counsel's Office and then to the Central Office. On July 15, 2013, Tellier received correspondence from the National Inmate Appeals, Central Office, advising him that it was in receipt of his appeal and that if he did not receive a decision within the time provided by the regulations of the Bureau of Prisons he could consider that non-response a denial of his appeal. (Doc. 3-1, at 30.) By operation of law, Tellier's appeal was denied by the Central Office no latter than September 15, 2013.

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing

§ 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof.  For the reasons set forth below the petition will be dismissed.

**Discussion**

Habeas corpus petitions brought under § 2241 may be subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See Clark-Aigner v. Ebbert, 2015 WL 632213, at *2 (M.D.Pa. Feb. 13, 2015)(Nealon, J.)(citing Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979)); Thompson v. DeRose, 2013 WL 5719413, at *1 (M.D.Pa. Oct. 21, 2013)(Brann, J.)(same); Jackson v. Ebbert, 2010 WL 3447764, at * 2 (M.D.Pa. Aug. 30, 2010)(Caputo, J.)(same). Rule 4 provides in pertinent part: "If it plainly appears from the  petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

It has been repeatedly held that "[a] petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" Thomas v. Hauser, 2015 WL 1566233, at *1 (M.D.Pa. April 8, 2015)(Nealon, J.)(citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970) and Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991)); see also Thompson, 2013 WL 5719413, at *1; Jackson, 2010 WL 3447764, at * 2. The Allen court stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall. . . deprive any person of life, liberty, or property, without due process of law. . . ." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first "whether the asserted individual interests are encompassed within the

. . . protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" Ingraham v. Wright, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred. In Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), where the plaintiffs were deprived of good time credits as a severe sanction for serious misconduct, the Supreme Court held that such inmates had various procedural due process protections in a prison disciplinary proceeding, including the right to call witnesses and to appear before an impartial decision-maker.[1]

---

1. In Wolff, the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Supreme Court held that a prisoner facing serious institutional sanctions is entitled to some procedural protection before penalties can be imposed. Id. at 563-71. The Supreme Court set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2)
(continued...)

While the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir.2002) (citing Sandin v. Conner, 515 U.S. 472, 486(1995)). Tellier's disciplinary segregation and loss of phone and visiting privileges do not invoke the same due process protections. See Torres, 292 F.3d at 150-51. Additionally, these punishments cannot be challenged under § 2241 because in no manner do they affect the fact or length of his sentence or

---

(...continued)
twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id.

    An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985). In that case, the Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal.

confinement. See Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir. 2002).[2]

Tellier does not challenge the fact or duration of his confinement. Therefore, his present challenge to Incident Report 2371753 is inappropriately raised in a habeas corpus petition and will be dismissed.

---

2. It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973); see also Rinaldi v. Zickefoose, 2013 WL 4812491, at *1 (M.D.Pa. 2013)(Rambo, J.)(citing Preiser v. Rodriguez). However, "[f]ederal habeas corpus review is available only 'where the deprivation of rights is such that it necessarily impacts the fact or length of detention.'" Rinaldi, 2013 WL 4812491, at *1 (quoting Leamer v. Fauver): see also Descamps v. Warden Lewisburg USP, 617 F. App'x 110, 111 (3d Cir. 2015)(the purpose of a habeas petition is to challenge the fact or duration of confinement not the conditions of confinement); McCarthy v. Warden, USP Lewisburg, 417 F. App'x 128, 129-130 (3d Cir. March 14, 2011)(same); Brown v. Bledsoe, 405 F. App'x 575, 576-577 (3d Cir. Jan. 12, 2011)(same); Bedenfield v. Warden Lewisburg, 393 F. App'x 32, 33 (3d Cir. Sept. 9, 2010)(same).

In Descamps, a per curiam and non-precedential opinion, the Court of Appeals summarily affirmed the order of the district court "because no substantial question [was] presented by [the] appeal." 617 F. App'x at 111. In so doing the Court citing Leamer v. Fauver, a precedential opinion, stated as follows: "To the extent that Descamps challenged the adequacy of the dental and mental care he is receiving, he is challenging conditions of his confinement; his claims do not sound in habeas corpus." Id.

7

Finally, Tellier is not detained because of process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this court with respect to a certificate of appealability is necessary.

An appropriate order will be entered.


                                              s/Sylvia Rambo
                                         SYLVIA H. RAMBO
                                         United States District Judge

Date: December 5, 2016