UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN TELLIER, | : | |
| Petitioner | : | CIVIL NO. 1:16-CV-01496 |
| vs. | : | |
| RUSSELL PERDUE, WARDEN, | : | (Judge Rambo) |
| Respondent | : | |

## MEMORANDUM

### Background

On July 21, 2016, Robin Tellier, an inmate at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania ("FCI-Schuylkill"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, in which he named the Warden of FCI-Schuylkill as the Respondent. (Doc. 1.) On July 28, 2016, Tellier submitted the $5.00 filing fee.

Tellier set forth his allegations on a form § 2241 petition routinely provided to federal inmates. (Id.) Tellier also submitted a typewritten supplemental petition on August 8, 2016. (Doc. 3.) Tellier challenged the outcome of a prison disciplinary proceeding which occurred on November 21, 2012. Tellier's petition

revealed that the Discipline Hearing Officer, after finding Tellier guilty of Incident Report 233717153, imposed sanctions which did not include loss of Good Conduct Time credit for the disciplinary infraction, i.e., Offense Code 296, use of mail for abuses other than criminal activity.  By memorandum and order of December 5, 2016, the court dismissed Tellier's petition. (Doc. 4.)  In sum, the court concluded the petition was not viable because he did no lose Good Conduct Time credit as a sanction. <u>See</u> <u>Leamer v. Fauver</u>, 288 F.3d 532, 540-42 (3d Cir. 2002).  The court incorporates herein by reference the reasoning set forth in the memorandum of December 5, 2016.

On February 6, 2017, Tellier filed a motion for reconsideration pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure which provides that a court may relieve a party of a judgment based on mistake, inadvertence, surprise or excusable neglect. For the reasons set forth below the motion will be denied.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013); Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for

reconsideration may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Casualty Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Tellier's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed.  Thus, the court finds that its memorandum and order of December 5,2016, is not defective because of manifest errors of law or fact and Tellier has not presented anything new, which if previously presented, might have affected the court's decision. Furthermore, the memorandum and order of December 5, 2016, is not subject to revision based on mistake, inadvertence, surprise or excusable neglect as

asserted by Tellier. Tellier fails to set forth any valid basis for reconsideration of the dismissal of his habeas petition.  Consequently, the motions for reconsideration will be denied.

An appropriate order will be entered.


       <u>s/Sylvia H. Rambo</u>
       SYLVIA H. RAMBO
       United States District Judge



Dated: February 16, 2017